## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL ESCOBAR, on behalf of himself and all others similarly situated, | No. |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| 1412 BROADWAY ROOFTOP LLC d/b/a ELSIE ROOFTOP, | |
| Defendant. | |

Plaintiff Michael Escobar, individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff worked as a bartender for Defendant 1412 Broadway Rooftop LLC d/b/a Elsie Rooftop ("Elsie Rooftop"), which owns and operates a bar and lounge located at 1412 Broadway, New York, New York.

2.      This lawsuit seeks to recover unpaid wages, statutory penalties, liquidated damages, and attorneys' fees and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL") Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, for Plaintiff and his similarly situated co-workers – servers, bussers, runners, bartenders, and other tipped workers (collectively, "Tipped Workers") who work or have worked for Elsie Rooftop.

3.      Elsie Rooftop deprived Plaintiff and other Tipped Workers of earned minimum wages and overtime wages throughout their employment.

4.      Elsie Rooftop paid Plaintiff and other Tipped Workers sub-minimum hourly wages, purporting to take a "tip credit" under the NYLL and the FLSA.  Elsie Rooftop was not permitted to take a "tip credit" because it failed to meet the strict requirements that would allow it to do so.

5.      Elsie Rooftop did not provide Plaintiff and other Tipped Workers with proper notification of the tipped minimum wage or tip credit provisions of the NYLL, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

6.      Elsie Rooftop unlawfully misappropriated tips earned by Plaintiff and Tipped Workers by: failing to distribute all cash tips collected from customers and misappropriating "service charges" imposed on customers for private events that customers reasonably believed were intended for tipped workers.

7.      Further, Elsie Rooftop deprived Tipped Workers of proper overtime pay by miscalculating the overtime premium and failing to pay its tipped workers for hours they worked in excess of 40 per workweek at a rate of at least one and one-half times the regular rate.

8.      This lawsuit also arises under the NYLL Article 6, Section 195 for Elsie Rooftop's failure to provide Plaintiff and other Tipped Workers with accurate wage notices that are statutorily required under NYLL § 195(1)(a), or accurate wage statements that complied with NYLL § 195(3).

9.      Plaintiff brings this action on behalf of himself and Tipped Workers who elect to opt in to this action pursuant to the FLSA, specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Elsie Rooftop that have deprived Plaintiff and Tipped Workers of their lawfully earned wages.

10.    Plaintiff also brings this action on behalf of himself and Tipped Workers in New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to remedy violations of the NYLL and the supporting New York State Department of Labor Regulations.

11.    Defendant agreed to toll the statute of limitations with respect to the class and collective unpaid wage and overtime claims and wage notice and statement claims of Plaintiff and similarly situated employees under the FLSA and NYLL from March 7, 2023 onward.

<u>**THE PARTIES**</u>

*Plaintiff*

12.    Plaintiff Michael Escobar is an adult individual who is a resident of Linden, New Jersey.

13.    Plaintiff Escobar was employed by Elsie Rooftop as a bartender from approximately June 2021 through approximately January 2023.

14.    Elsie Rooftop paid Plaintiff Escobar at a subminimum, tip-credit wage during regular shifts (i.e., food service for the public) to work as a bartender.

15.    Plaintiff Escobar also regularly worked for Elsie Rooftop as a bartender during private event shifts.

16.    Plaintiff Escobar regularly worked more than 40 hours in a workweek, but was not paid at the proper overtime rate for all hours he worked over 40.  Illustratively, to the best of his recollection, during the week of October 24, 2022, Plaintiff Escobar worked approximately 3 to 4 overtime hours without overtime compensation.

17.    At all times relevant to the Complaint, Plaintiff Escobar was a covered employee within the meaning of the NYLL §§ 190(2) and 651, and the FLSA.

18.    Plaintiff Escobar's Consent to Join form is attached hereto as Exhibit 1.

*Defendant*

19.     Defendant 1412 Broadway Rooftop LLC d/b/a Elsie Rooftop is a limited liability corporation formed in New York.

20.     Throughout the relevant period, Defendant owned, operated, and/or controlled Elsie Rooftop in New York where Plaintiff and Tipped Workers worked.

21.     At all times relevant to the Complaint, Elsie Rooftop has been a covered employer within the meaning of the NYLL §§ 190(3) and 651 and the FLSA.

22.     At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff and Tipped Workers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices

23.     Defendant applied the same employment policies, practices, and procedures to all Tipped Workers at Elsie Rooftop in New York, including policies, practices, and procedures with respect to payment of minimum wage and overtime compensation, and the provision of wage notices and wage statements.

24.     Upon information and belief, at all relevant times, Defendant had an annual gross volume of sales of not less than $500,000.

## JURISDICTION AND VENUE

25.     This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

26.     Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the U.S. Constitution.

27.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in and is subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings the First and Second Causes of Action, the FLSA claims, on behalf of himself and all similarly situated Tipped Workers who worked for Defendant during the applicable statute of limitations and who elect to opt-in to this action ("FLSA Collective Members").

30.     Plaintiff is similarly situated to the FLSA Collective Members because, while employed by Defendant, they have had similar job requirements; were subject to the same laws and regulations; were subject to the same or similar pay provisions; and were subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing to and refusing to pay the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of 40 hours per workweek and willfully retaining gratuities collected from customers. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

31.     Upon information and belief, Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

32.     Defendant is aware or should have been aware that federal law requires it to pay employees minimum wage for all the hours they work.

33.     Defendant is aware or should have been aware that federal law requires them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

34.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

35.     The FLSA Collective Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

36.     Court-authorized notice should issue to the FLSA Collective Members to provide them with an opportunity to learn about this lawsuit and submit a consent to join form pursuant to 29 U.S.C. § 216(b) if they wish to join it.  Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Elsie Rooftop.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims under Rule 23(b)(3), on behalf of himself and all similarly situated Tipped Workers who worked for Defendant in New York during the applicable limitations period ("NY Rule 23 Class").

38.     Excluded from the NY Rule 23 Class Members are Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the NY Rule 23 Class.

39.     The members of the NY Rule 23 Class ("NY Rule 23 Class Members") are readily ascertainable.  The number and identity of the NY Rule 23 Class Members are determinable from Defendant's records.  The hours assigned and worked, the positions held, and the rates of pay for each NY Rule 23 Class Member are also determinable from Defendant's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under Rule 23.

***Numerosity***

40.     Upon information and belief, there are more than 40 members in the proposed NY Rule 23 Class.

41.     The NY Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

***Common Questions of Law and/or Fact***

42.     Common questions of law and fact exist as to the NY Rule 23 Class that predominate over any questions only affecting Plaintiff and the NY Rule 23 Class Members individually and include, but are not limited to, the following:

a.  whether Defendant paid Plaintiff and the NY Rule 23 Class Members at the proper minimum wage rate for all hours worked;

b.  whether Defendant had a policy or practice of failing to provide adequate notice of their payment of a reduced minimum wage to Plaintiff and the NY Rule 23 Class Members;

c.  what notice is required for Defendant to take a tip credit;

    d.   whether Defendant distributed all gratuities collected from customers to Plaintiff and the NY Rule 23 Class Members;

    e.   whether Defendant represented to customers that "service charges" for private events were meant, in whole or in part, to compensate NY Rule 23 Class Members;

    f.   whether Plaintiff and the NY Rule 23 Class Members worked in excess of 40 hours per week;

    g.   whether Defendant paid Plaintiff and the NY Rule 23 Class Members at the proper overtime rate for hours worked in excess of 40 hours per workweek;

    h.   whether Defendant failed to furnish Plaintiff and the NY Rule 23 Class Members with an accurate wage notice upon hire as required by the Wage Theft Prevention Act; and

    i.   whether Defendant failed to furnish Plaintiff and the NY Rule 23 Class Members with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance, as required by the Wage Theft Prevention Act.

***Typicality of Claims and/or Defenses***

43.    Plaintiff's claims are typical of those claims which could be alleged by any NY Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each NY Rule 23 Class Member in separate actions.

44.    All the NY Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages, failing to pay overtime, unlawfully misappropriating tips collected from customers, and failing to provide proper wage statements and notices.

45.    Plaintiff and the NY Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

46.    Plaintiff and the NY Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.  Defendant's corporate-wide policies and practices affected all NY Rule 23 Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as as to each of the NY Rule 23 Class Members.

47.    Plaintiff and other NY Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

48.    Plaintiff is able to fairly and adequately protect the interests of the NY Rule 23 Class Members and has no interests antagonistic to the NY Rule 23 Class Members.

49.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

***Superiority***

50.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual NY Rule

23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual NY Rule 23 Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual NY Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual NY Rule 23 Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of the NY Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

## FACTUAL ALLEGATIONS

### *Wages Owed to Plaintiff and the Proposed Class and Collective*

51.    Elsie Rooftop paid Plaintiff and Tipped Workers at a sub-minimum, tip-credit wage rate for each hour worked as a Tipped Worker during regular shifts, exclusive of time worked during private event shifts.

52.    Elsie Rooftop did not satisfy the strict requirements under the NYLL that would allow it to take a "tip credit" against its minimum wage obligations.

53.    Pursuant to its policy and practice, Elsie Rooftop failed to provide Plaintiff and other Tipped Workers with the statutorily required notice that Elsie Rooftop intended to pay them a reduced minimum wage rate.

54.     Elsie Rooftop unlawfully misappropriated tips earned by Plaintiff and other Tipped Workers by failing to distribute all tips collected from customers.

55.     On the occasions that Elsie Rooftop distributed all tips collected from customers, Defendant failed to distribute said tips to Plaintiff and other Tipped Workers on a weekly basis.

56.     Specifically, Elsie Rooftop regularly delayed payment of cash tips for multiple weeks, and often not did not distribute cash tips collected from customers to Plaintiff and Tipped Workers in full or at all.

57.     Upon information and belief, Elsie Rooftop also had a practice of misappropriating cash tips to cover shortfalls in cash sales.

58.     Elsie Rooftop also unlawfully misappropriated "service charges" which its clients reasonably believed were meant for tipped workers

59.     Upon information and belief, Elsie Rooftop regularly charged a service charge and/or administrative fee for private events as high as 22%.

60.     The value of the service charge and/or administrative fee resembles what customers would expect to tip food service workers.

61.     Upon information and belief, Elsie Rooftop represented to customers that the service charges and/or administrative fees for private events covered or included a gratuity for tipped workers, and/or failed to correct customers' confusion about the nature of the service charges and/or administrative fees.

62.     Elsie Rooftop also failed to pay Tipped Workers overtime compensation for hours they work in excess of 40 per workweek at the proper rate, because it failed to pay an overtime rate of at least one and one-half times the regular rate.

63.     Instead, Elsie Rooftop paid Tipped Workers the straight hourly rate that it paid for work performed during either regular shifts or private event shifts for hours worked in excess of 40 per workweek.

***Failure to Provide Accurate Wage Notices and Wage Statements***

64.     Elsie Rooftop failed to provide accurate wage statements to Plaintiff and other Tipped Workers that reflected the tip credit allowance claimed and other statutorily required information.

65.     By providing inaccurate wage statements to Plaintiff and other Tipped Workers while withholding pay for all hours worked, Elsie Rooftop deprived Plaintiff and members of the NY Rule 23 Class of information that could have permitted Tipped Workers to determine the extent of their underpayment.

66.     In particular, by not identifying the tip credit allowance claimed, Elsie Rooftop deprived Plaintiff and other Tipped Workers of information that would have allowed them to determine the overtime rate at which they should have been paid.

67.     Had Elsie Rooftop provided Plaintiff and other Tipped Workers with accurate wage statements contained the statutorily required information, they would have been able to timely identify the issues leading to their underpayment and contest Elsie Rooftop's failure to pay them at the proper rate earlier.

68.     Elsie Rooftop failed to provide accurate wage notices to Plaintiff and other Tipped Workers.

69.     By failing to provide accurate wage notices to Plaintiff and other Tipped Workers while withholding pay for all hours worked, Elsie Rooftop prevented Plaintiff and members of

the NY Rule 23 Class from confirming that they were being paid accurately and adequately both under applicable law and the terms of their employment with Defendant.

70.     In particular, by not providing accurate wage notices at hire, Elsie Rooftop deprived Plaintiff and other Tipped Workers of information about the overtime rate that they should have been paid.

71.     Had Elsie Rooftop provided Plaintiff and other Tipped Workers with accurate wage notices, they would have been able to more easily identify the issues leading to their underpayment and contest Elsie Rooftop's failure to pay them at the proper rate.

72.     Elsie Rooftop committed the foregoing acts against the Plaintiff and members of the FLSA Collective and the NY Rule 23 Class.

73.     Elsie Rooftop committed the acts alleged in this Class and Collective Action Complaint knowingly, intentionally, and willfully.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

74.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendant failed to pay Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

76.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

77.     At all relevant times, Defendant has been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

78.     At all relevant times, Defendant has employed "employee[s]," including Plaintiff and the FLSA Collective Members.

79.     Defendant was required to pay directly to Plaintiff and the FLSA Collective Members the applicable state minimum wage rates for all hours worked.

80.     Defendant failed to pay Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

81.     Defendant was ineligible to avail itself of sub-minimum wage rate under the FLSA because it misappropriated and/or unlawfully retained gratuities collected from customers to Plaintiff and FLSA Collective Members.

82.     Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

83.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201, *et seq.*

84.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201, *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding

14

paragraphs.

86.     The overtime wage provisions set forth in the FLSA and the supporting federal regulations apply to Defendant and protect Plaintiff and the FLSA Collective Members.

87.     Plaintiff and the FLSA Collective Members worked in excess of 40 hours during some workweeks in the relevant period.

88.     Defendant willfully failed to pay Plaintiff and the FLSA Collective Members one-and-one-half times the regular rate for all work in excess of 40 hours per workweek.

89.     Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

90.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201, *et seq.*

91.     As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201, *et seq.*

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wage
### (Brought on behalf of Plaintiff and the NY Rule 23 Class)

92.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     Defendant has engaged in a widespread pattern, policy, and practice of violating

the NYLL, as detailed in this Class and Collective Action Complaint.

94.     At all times relevant, Plaintiff and the NY Rule 23 Class Members have been employees of Defendant, and Defendant has been the employer of Plaintiff and the NY Rule 23 Class Members within the meaning of the NYLL § 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

95.     At all times relevant, Plaintiff and the NY Rule 23 Class Members were not exempt from the minimum wage provisions of the NYLL.

96.     Defendant failed to provide Plaintiff and the NY Rule 23 Class Members with the statutorily required language that they would be paying Plaintiff and the NY Rule 23 Class Members the tipped minimum wage rate.

97.     Defendant was required to pay Plaintiff and the NY Rule 23 Class Members in New York City the full minimum wage for hours worked below 40 hours a week at a rate of: (a) $13.00 per hour for all hours worked on or after December 31, 2017 through December 30, 2018; (b) $15.00 per hour for all hours worked on or after December 31, 2018 through December 31, 2023; (c) $16.00 per hour for all hours worked on or after January 1, 2024 through December 31, 2025; and (d) $16.50 per hour for all hours worked on or after January 1, 2025 through the present under the NYLL § 650, *et seq.* and the supporting New York State Department of Labor Regulations.

98.     Through its knowing or intentional failure to pay minimum hourly wages to Plaintiff and the NY Rule 23 Class Members for all hours worked, Defendant willfully violated the NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

99.     Due to Defendant's willful violations of the NYLL, Plaintiff and NY Rule 23

Class Members are entitled to recover from Defendant their unpaid minimum wages, liquidated

damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and

post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Tip Misappropriation
### (Brought on behalf of Plaintiff and the NY Rule 23 Class)

100.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

101.    At all times relevant, Plaintiff and the NY Rule 23 Class Members have been

employees of Defendant, and Defendant has been the employer of Plaintiff and the NY Rule 23

Class Members within the meaning of the NYLL § 650, *et seq.*, and the supporting New York

State Department of Labor Regulations.

102.    The wage payment provisions of Article 6 of the NYLL and the supporting New

York State Department of Labor Regulations apply to Defendant and protect the Plaintiff and

NY Rule 23 Class Members.

103.    Defendant unlawfully accepted and/or retained part of Plaintiff's and the NY Rule

23 Class Members' cash tips, gratuities, in violation of NYLL § 196-d and supporting New York

State Department of Labor Regulations.

104.    By Defendant's knowing or intentional acceptance of, and/or retention of part of

the gratuities received by Plaintiff and the NY Rule 23 Class Members, Defendant has willfully

violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor

Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 146-2.7.

105.    Due to Defendant's violation of the NYLL, Plaintiff and the NY Rule 23 Class Members are entitled to recover from Defendant their misappropriated tips, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**New York Labor Law – Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff and the NY Rule 23 Class)**

106.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendant failed to pay Plaintiff and the NY Rule 23 Class Members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.  Defendant failed to pay Plaintiff and the NY Rule 23 Class Members one-and-one-half times the regular rate for all work in excess of 40 hours per workweek.

108.    Through its knowing or intentional failure to pay Plaintiff and the NY Rule 23 Class Members wages for all hours worked at the appropriate rate, Defendant has willfully violated the NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

109.    Due to Defendant's willful violations of the NYLL, Plaintiff and the NY Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Notices**
**(Brought on behalf of Plaintiff and the NY Rule 23 Class)**

110.    Plaintiff, on behalf of himself and the NY Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

111.    Defendant has willfully failed to supply Plaintiff and the NY Rule 23 Class Members with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

112.    Through its knowing or intentional failure to provide Plaintiff and the NY Rule 23 Class Members with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, § 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

113.    Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the NY Rule 23 Class Members are entitled to statutory penalties of $50 for each workday that Defendant failed to provide them with wage notices, or up to a total of $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the NY Rule 23 Class)

114.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115.    Defendant has willfully failed to supply Plaintiff and the NY Rule 23 Class Members with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

116.    Through its knowing or intentional failure to provide Plaintiff and the NY Rule 23 Class Members with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, § 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

117.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the NY Rule 23 Class Members are entitled to statutory penalties of $250 for each work day that Defendant failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

20

B.      Certification of this case as a class action pursuant to Rule 23;

C.      Designation of Plaintiff as a representative of the NY Rule 23 Class and counsel of record as Class Counsel;

D.      An award of damages, according to proof, including unpaid wages and liquidated damages, to be paid by Defendant;

E.      Penalties, as provided by law;

F.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices under the FLSA and/or NYLL and/or a declaration that Elsie Rooftop's acts violate the FLSA and/or NYLL;

G.      All applicable liquidated damages;

H.      Reasonable service awards for the named Plaintiff to compensate him for the time he spent attempting to recover wages for the class and collective members and for the risks he took in doing so;

I.      Attorneys' fees and costs incurred in prosecuting this action, including expert fees;

J.      Pre-judgment and post-judgment interest, as provided by law; and

K.      Such other legal and equitable relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  May 19, 2025

Respectfully submitted,

/s/ *Molly A. Brooks*
Molly A. Brooks
**OUTTEN & GOLDEN LLP**
685 Third Ave., 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax: (646) 509-2060
mb@outtengolden.com

Pooja Shethji*
**OUTTEN & GOLDEN LLP**
1225 New York Ave., Suite 1200B
Washington, D.C. 20005
Telephone: (202) 847-4400
Fax: (202) 847-4410
pshethji@outtengolden.com

* *Pro hac vice* application forthcoming

*Attorneys for Plaintiff and the Proposed Class*
*and Collective*